**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL M. MARTINEZ, | No. 11-35115 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00580-ST |
| v. | |
| MAX WILLIAMS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Former Oregon state prisoner Michael M. Martinez appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with a prison guard's shooting of Martinez

during a prison yard riot.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo, *Day v. Apoliona,* 616 F.3d 918, 924 (9th Cir. 2010), and we may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment as to Williams and Nooth because Martinez failed to raise a genuine dispute of material fact as to whether either was "personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).

To the extent that Martinez alleges that Williams and Nooth are liable based on their promulgation or implementation of an unconstitutional use-of-force policy, summary judgment was proper because Martinez has failed to raise a genuine dispute of material fact as to whether the Oregon Department of Corrections' policy is "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citations and internal quotation marks omitted); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (finding a similar policy to be constitutional).

The district court also properly granted Fletcher qualified immunity because a "reasonable official standing where [Fletcher] was standing" could believe that shooting an inmate to "stop an assault that could have seriously injured or killed

another inmate was a good faith effort to restore order, and thus lawful." *Marquez v. Gutierrez*, 322 F.3d 689, 693 (9th Cir. 2003).

Martinez's remaining contentions, including those concerning the alleged deficiencies of his court-appointed counsel, are unpersuasive.

**AFFIRMED.**